FULTON COUNTY BOARD OF EDUCATION, APPELLANT, *v.* GILES, ADMR., OHIO BUREAU OF EMPLOYMENT SERVICES, ET AL., APPELLEES, ET AL.

(No. 78-500—Decided December 8, 1978.)

434

*Mr. William R. Swigart,* prosecuting attorney, and *Mr. Greg W. Grover,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Jerry Arthur Jewett,* for appellees Board of Review and administrator.

LEACH, C. J. R. C. 4141.29 provides, in pertinent part:

"(D) * * * no individual may * * * be paid benefits under the following conditions:

" * * *

"(2) For the *duration of his unemployment* if the administrator finds that:

" * * *

"(c) Such individual quit work to marry * * *." (Emphasis added.)

It is undisputed that Linda Rainear resigned her teaching position with the Fulton County Board of Education in order to marry. The single issue herein is wheth-

er she complied with the requirements of R. C. 4141.29(G), which define the duration of a person's unemployment. The import of this definition is that when a person's "duration of * * * unemployment" is ended, that person may again become eligible for benefits.

Appellees claim that by working as a substitute teacher in Michigan and earning $150.75, Rainear ended her "duration of * * * unemployment," as that phrase is defined in R. C. 4141.29(G), and thereby became eligible for benefits in Ohio.

Subsection (G) states, in pertinent part:

" 'Duration of his unemployment,' as used in this section, means the full period of unemployment next ensuing after a separation from any base period or subsequent work and until an *individual has become reemployed in employment subject to* sections 4141.01 to 4141.46 of the Revised Code, *or the unemployment compensation act of another state,* or of the United States, *and* until such individual has worked six weeks and has earned wages equal to three times his average weekly wage or three hundred sixty dollars, whichever is less, *except for purposes of division (D)(2)(c) of this section,* such term means the full period of unemployment next ensuing after a separation from such work and *until such individual has become reemployed subject to the terms set forth above,* and *has earned wages* equal to one half of his average weekly wage or *sixty dollars,* whichever is less * * *." (Emphasis added.)

The first step a person must take in order to end the "duration of his unemployment" and thus requalify for benefits in Ohio is to "become reemployed in employment [which is] subject to" certain stated requirements.

By the terms of subsection (G), a person may become reemployed in *employment subject either to*: (1) Ohio's unemployment compensation Act (R. C. 4141.01 to 4141.46); (2) the unemployment compensation Act of another state; or (3) of the United States.

In those cases not involving R. C. 4141.29(D)(2)(c),

in addition to becoming reemployed in employment subject to one of these three provisions, a person must also: (1) work six weeks; and (2) earn wages equal to three times his average weekly wage or $360, whichever is less. These requirements, however, are specifically excepted when R. C. 4141.29(D)(2)(c) is applicable.

Appellant concedes that the language of subsection (G) (which precedes the [D][2][c] exception language) requiring the earning of wages "equal to three times his average weekly wage or three hundred sixty dollars, whichever is less" has no application herein. It is asserted, however, that the language "until such individual has worked six weeks" (also preceding the exception) is applicable. This contention is based upon the language (following the exception) which, in effect, continues the duration of his unemployment "until such individual has become reemployed subject to the terms set forth above." It is asserted that the reference to working six weeks is one of the "terms set forth above."

We reject that contention. We think it clear that the "terms set forth above," as applied to the time when an individual has *become* reemployed, necessarily has reference only to those terms limiting the employment as being an employment subject either to the Ohio Act, the unemployment compensation Act of another state or of the United States.*

In such cases the only additional requirement to "becoming reemployed in employment subject to" one of the three provisos, is the requirement that a person must earn "wages equal to one half of his average weekly wage or sixty dollars, whichever is less * * *."

It is conceded that Rainear did become reemploy-

---

*The question of whether Rainear's termination of employment with appellant would otherwise have been considered "involuntary unemployment" within the purview of R. C. 4141.29 in the absence of the provisions of subsection (D)(2)(c) was not raised either in the lower courts or in this court. Thus no consideration is given herein to such question.

ed in employment which is subject to the unemployment compensation act of Michigan. There is no dispute as to the fact that Rainear, while so employed, did earn in excess of $60. Thus, by the terms of R. C. 4141.29(G), Rainear ended the "duration of * * * [her] unemployment" and became eligible for benefits in Ohio.

This court's holding may appear anomalous in that, if Rainear, subsequent to the termination of her employment by appellant as a fulltime teacher, had been employed only as a substitute teacher in Ohio, instead of Michigan, she would not have been entitled to benefits under Ohio law. Prior to January 1, 1978, R. C. 4141.01(B) read, in pertinent part:

"(2) 'Employment' includes:

"(a) * * *

"(i) * * * except for service performed as a substitute teacher employed by a public school district pursuant to section 3319.10 of the Revised Code."

Had the substitute teaching been done in Ohio, Rainear would not have been reemployed under the Ohio Act. It is conceded, however, that the Michigan Act contains no such provision.

Although it is doubtful that the General Assembly actually envisioned such a seemingly anomalous result, the duty of this court is simply to apply the terms of the statute to the undisputed facts herein. Thus, the judgment of the Court of Appeals upholding the allowance of Rainear's claim for benefits is affirmed.

*Judgment affirmed.*

HERBERT, CELEBREZZE, W. BROWN, SWEENEY and LOCHER, JJ., concur.

P. BROWN, J., dissents.